**Lavert PRICE, Appellant,**

**v.**

**Colonel G. PRICE et al., Appellees.**

**No. 159.**

Court of Civil Appeals of Texas.

Tyler.

Oct. 7, 1965.

Rehearing Denied Nov. 4, 1965.

---

Jack N. Price, Longview, for appellant.

Howard Douglas, Quitman, for appellees.

MOORE, Justice.

This is a partition suit. Plaintiffs, Colonel G. Price and Rice Price, Jr., brought this suit against defendants, Lavert Price and Arcie Price, seeking a partition of an 87-acre tract of land which was jointly owned by plaintiffs and defendants. Defendants joined plaintiffs in a request for a partition of land. By way of a cross action, the defendants alleged that previous to the time of filing of the suit, there had been a house located on the property and that the house had recently been destroyed by fire, and on which Rice Price, Jr., one of the plaintiffs, had a policy of insurance and since all the insurance thereon had been collected by him, they prayed for a division and a partition of these funds.

The cause was submitted to the court without the intervention of a jury and thereupon the court appointed commissioners to make an equitable division of the land in proportion to the ownership of each of the owners. The commissioners thereupon divided the land into six tracts and awarded Arcie Price tracts Nos. 1 and 4 and Lavert Price tract No. 5; Colonel G. Price and Rice Price, Jr. were jointly awarded tracts Nos. 2, 3 and 6. The commissioners duly filed their report of the partition division stating that the partition which they had made was fair and equitable and in proportion to the respective interests owned by the parties.

Defendant Arcie Price objected to the report of the commissioners on the ground that tract No. 2, which had been awarded to Colonel G. Price and Rice Price, Jr., jointly, contained valuable improvements consisting of a new house which Rice Price, Jr. constructed thereon with the insurance money obtained as a result of the destruction of the old house, and if the insurance money was not to be divided, the division would not be equal. He again prayed for a division and a partition of the insurance money held by Rice Price, Jr. and in the alternative that the court find that the value of the shares allotted were not equal because the commissioners did not consider the value of the new house built on tract No. 2 awarded to Rice Price, Jr., jointly with Colonel G. Price. Defendant Lavert Price did not join with Arcie Price in making the objection, nor did he file any separate objection to the report.

After hearing evidence upon the respective values of each of the tracts awarded by the commissioners and evidence as to the improvements which Rice Price, Jr. had made upon the house which had burned, the court rendered judgment approving the report of the commissioners and found that Rice Price, Jr. received the sum of $11,100.-00 as insurance as a result of the burning of the dwelling situated upon the lands belonging to the parties. The court further found that the joint interest of all the parties in said dwelling at the time of the destruction thereof was of the value of $3,-000.00 and that the parties to this suit were entitled to their proportionate share of the said amount of $3,000.00. It was accordingly adjudged and decreed by the court that Lavert Price recover of Rice Price, Jr. the sum of $1,500.00 or three-sixths of the said $3,000.00 as his proportionate share, and that Arcie Price recover of Rice Price, Jr. the sum of $1,000.00 or two-sixths of the $3,000.00 as his proportionate share. The remaining $500.00 or one-sixth interest was to be retained by Rice Price, Jr. and Colonel G. Price, jointly.

Defendant Lavert Price being dissatisfied with the judgment has perfected this appeal and has assigned two Points of Error, alleging: (1) that the court erred in approving the report of the commissioners partitioning the property because the commissioners did not fairly divide the property according to the value thereof and that his share was grossly disproportionate and small in value as compared to the shares awarded to the other parties; and (2) that the court erred in awarding him only his proportionate share in the sum of only $3,000.00 of the insurance money when the undisputed evidence showed that Rice Price, Jr. had collected the sum of $11,100.00 in insurance as a result of the destruction of the dwelling.

■ The record is before us without findings of fact or conclusions of law. Under these circumstances we are required to view the evidence as a whole in the most favorable light from the standpoint of appellees and in passing upon appellant's contentions must assume that the trial court found all issuable facts raised by the evidence in such manner as to sustain the judgment, hence the judgment must be affirmed if there is any evidence of probative force to support it on any theory authorized by law. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114, (1951); Jones v. Alvin State Bank, 332 S.W.2d 124, (Tex.Civ.App.) 1960.

It is without dispute that Rice Price, Jr. had lived in the house situated on the common property for more than 20 years before it was destroyed by fire. He carried fire insurance on the house in the amount of $11,100.00, paying all of the premiums thereon and after its destruction by fire, the insurance company paid him the sum of $11,100.00. His testimony, together with that of Colonel G. Price, was that at the time he moved into the house it was in a poor condition with a market value of approximately $150.00. According to their testimony, Rice Price, Jr. had rebuilt the house and had made valuable improvements

upon the property during the time he had lived there and at the time of the fire the house had a market value of between $10,000.00 and $11,000.00. There was other testimony by two disinterested witnesses showing that at the time Rice Price, Jr. moved into the house it had a value of approximately $2,000.00 while at the time of the fire it had a value of approximately $3,000.00.

■ When the house, situated upon land owned by two or more co-owners, is destroyed by fire and there exists thereon a policy of insurance, the money arising therefrom stands in the place instead of such house. Swayne v. Chase, 88 Tex. 218, 30 S.W. 1049; Rolater v. Rolater, 198 S.W. 391, (Tex.Civ.App.); Lee v. Honea, 349 S.W.2d 110, (Tex.Civ.App.). The proceeds of the policy, therefore, take the place of the property loss and the owners are entitled to share therein just as if suit had been brought for partition before the fire.

■ The general rule is that where improvements have been made upon the property sought to be partitioned, the improved portion will be allotted to the part owner who has made the improvements if this can be done without prejudice to the other owners. Broughton v. Millis, 67 S.W.2d 650, (Tex.Civ.App.); Burton v. Williams, 195 S.W.2d 245 (Tex.Civ.App.); 44 Tex.Jur. 2d, page 273.

■ Had there been a partition prior to the fire, Rice Price, Jr. would have thus been entitled to the improvements or compensation in lieu thereof. Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472. The fact that the property has now been transformed into personal property in the form of money would not alter the application rule, but would only make the property more susceptible to a partition in kind. Rule 773, Texas Rules of Civil Procedure. By implication, the court found that prior to the improvements the property had a value of $3,000.00 and that since Rice Price, Jr. had rebuilt the house and had materially

improved the same, he was thus entitled to all the proceeds of the insurance over and above such amount as compensation for the improvements. There is ample evidence in the record to support the judgment under this theory. Therefore, the court's judgment dividing the proceeds from the insurance policy will not be disturbed.

We likewise overrule the contention that the court submitted reversible error in approving the report of the commissioners partitioning the land. While it is without dispute that prior to this suit Rice Price, Jr. had used some of the insurance money in constructing a new house on tract No. 2, such improvement having been made by him, he was entitled to have the improved portion of the land allotted to him if this could be done without prejudice to the other owners. In view of the fact that the court awarded each of the other owners their proportionate share of the insurance money, appellant is not in a position to contend that the judgment awarding Rice Price, Jr. the tract upon which he had placed improvements was prejudicial to him. The court, however, did hear evidence upon the question of the equality of the division made by the commissioners. No useful purpose would be served by reviewing all of the testimony concerning the value of each of the respective tracts of land. It will be sufficient to say that the testimony concerning the value of each tract was conflicting. When viewed in a light most favorable to the judgment, the evidence shows that the land was fairly divided according to the value. The burden of showing that the portion allotted to him was not of equal value in proportion to the extent of his ownership was upon the appellant. Masten v. Masten, 166 S.W.2d 347, (Tex.Civ.App.).

In the final analysis, the question of whether or not the commissioners fairly and equally divided the property according to the value thereof is a question of fact. The trial court obviously based his judgment upon the testimony supporting the report of the commissioners which he, as the trier of the fact, had a right to do. Where the testimony is conflicting, the report of the commissioners approved by the trial court will not be set aside. Cyphers v. Birdwell, 32 S.W.2d 937 (Tex.Civ. App.); Stefka v. Lawrence, 7 S.W.2d 894, (Tex.Civ.App.); Grimes v. Hall, 211 S.W. 956 (Tex.Civ.App.); 44 Tex.Jur.2d page 303.

In addition, we think the appellant, Lavert Price, waived any right he had to complain of the division of the land made by the commissioners because he failed to make any objection thereto in the trial court. The only objection to the report of the commissioners was made by Arcie Price and he is not a party to this appeal. Appellant, Lavert Price, having made no complaint in the trial court of the portion of land allotted him, such complaint cannot be presented for the first time on appeal. State of Cal. Dept. of Mental Hygiene v. Bank of Southwest Nat. Ass'n, 163 Tex. 314, 354 S.W.2d 576; Ayoub v. Herold, 287 S.W.2d 539, (Tex.Civ.App.).

The judgment is affirmed.