# NO. 12-10-00270-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONDEE STRACENER,* *APPELLANT* | § | *APPEAL FROM THE 115TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *DOUG STRACENER, BERNICE L. STRACENER AND JOEY KEITH STRACENER,* *APPELLEES* | § | *UPSHUR COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mondee Stracener appeals the trial court's decree ordering partition of real property in Upshur County, Texas, and appointing commissioners. On appeal, Mondee argues that the trial court abused its discretion in refusing to instruct the commissioners to set aside an airstrip to him as a portion of his ownership interest in the property being partitioned. We affirm.

### BACKGROUND

Mondee filed suit against his brothers, Doug, Bernice, and Joey, seeking partition of real property in Upshur County, Texas, which they jointly owned. At trial, the parties stipulated and agreed to all issues involving the partition of the real property, excepting issues regarding an airstrip located on the property. Then, the parties presented evidence regarding the ownership of the airstrip. Mondee testified that he, alone, built the airstrip in 1958. Further, he explained that he purchased the road asphalt oil to build it. He stated that it was initially built as a drag strip, and then used as an airstrip. However, Doug and Bernice controverted Mondee's claim and stated that they helped construct the drag strip. Bernice testified that he operated a maintainer, and that the oil used to build the drag strip had been donated, not purchased as Mondee maintained. Doug testified that he also worked on constructing the drag strip. Mondee, Bernice,

and Doug testified that when the drag strip was converted to an airstrip, they all used it to land the airplanes that they piloted.

The trial court approved the stipulations[1] and agreements made by the brothers, stating that the parties each owned an undivided interest in the real property as follows:

> Mondee – 68.75%
> Doug    – 15.625%
> Bernice – 15.625%

The trial court also found that a residence and one acre of land was Mondee's sole property and ordered that, upon partition, the residence and land be set aside as part of his interest. Further, the trial court appointed commissioners. However, the trial court specifically denied Mondee's requests that the airstrip be declared his sole property, that the airstrip, upon partition, be set aside as part of his interest, that he be entitled to a unity of use with the acreage he owned adjacent to the property at issue, and that his valuation of improvements to the airstrip be considered by the commissioners as a portion of the value of the property. Instead, the airstrip was to be partitioned by the commissioners along with the other real property jointly owned by Mondee, Doug, and Bernice. This appeal followed.

## STANDARD OF REVIEW

A trial court exercises broad discretion in balancing the equities involved in a case seeking equitable relief. *Edwards v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 836 (Tex. App.–Dallas 2008, pet denied). We will not disturb a trial court's ruling on a claim seeking equitable relief unless it is arbitrary, unreasonable, and unsupported by guiding rules and principles. *Id*.

In a nonjury trial, when, as here, a trial court makes no separate findings of fact or conclusions of law, we must assume that the trial court made all findings in support of its judgment. *Pharo v. Chambers Co.*, 922 S.W.2d 945, 948 (Tex. 1996). The trial court's judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984). Further, when, as here, the appellate record includes the reporter's and clerk's records, the trial court's implied fact findings are not conclusive and

---

[1] It was stipulated and agreed between the parties that Joey would receive a one acre tract of land and renounce his claim to any other portion of the real property to be partitioned.

2

may be challenged for legal and factual sufficiency of the evidence supporting them. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).

The finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied). The finder of fact is free to believe one witness and disbelieve another, and a reviewing court may not impose its own opinion to the contrary. *See id*. Accordingly, reviewing courts must assume that the finder of fact decided all credibility questions in favor of the findings if a reasonable person could do so. *Id*. If a reasonable finder of fact could have so found, we must assume that the finder of fact chose what testimony to disregard in a way that was in favor of the findings. *Id.* A finder of fact "may disregard even uncontradicted and unimpeached testimony from disinterested witnesses" where reasonable. *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 819-20 (Tex. 2005)).

In addition, it is within the fact finder's province to resolve conflicts in the evidence. *Id.* Consequently, we must assume that, where reasonable, the finder of fact resolved all conflicts in the evidence in a manner consistent with the findings. *Id*. Where a reasonable finder of fact could resolve conflicting evidence either way, we must presume the finder of fact did so in favor of the findings. *Id.* Where conflicting inferences can be drawn from the evidence, it is within the province of the finder of fact to choose which inference to draw, so long as more than one inference can reasonably be drawn. *Id*. Therefore, we must assume the finder of fact made all inferences in favor of the findings if a reasonable person could do so. *Id*.

## PARTITION

A partition case, unlike other proceedings, has two final judgments, and the first one is appealable as a final judgment. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). The first decree determines the interest of each of the joint owners or claimants, all questions of law affecting the title, and appoints commissioners and gives them appropriate directions. *Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.–Tyler 1993, writ denied); *see also* TEX. R. CIV. P. 760, 761. The second decree approves the report of the commissioners and sets aside to the parties their separate shares. *Ellis*, 864 S.W.2d at 557. In addition to determining the basic issues of partitionability in kind and the fractional interest of the parties, the trial court also has the power during the initial stage of the partition proceeding to adjust all equities between the

parties. *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.–Corpus Christi 1996, no writ); *see also Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.–Waco 2007, no pet.) ("The trial court applies the rules of equity in determining the broad question of how property is to be partitioned"). Proof is made to the fact finder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations that may warrant awarding a particular portion of the property to one of the parties. *Id*. The general rule is that where improvements have been made upon the property sought to be partitioned, the improved portion will be allotted to the part owner who has made the improvements if this can be done without prejudice to the other owners. *Price v. Price*, 394 S.W.2d 855, 858 (Tex. Civ. App.–Tyler 1965, writ ref'd n.r.e.).

### DISCUSSION

At trial, Mondee testified that he, alone, had built the drag strip and bought the road asphalt oil. Doug and Bernice both insisted that they had worked on building the drag strip, and that the oil used to construct it had been donated. If Mondee's testimony regarding the construction of the airstrip had been uncontroverted, then the trial court would have had no discretion but to award it to him. *See Yturria*, 921 S.W.2d at 342; *Price*, 394 S.W.2d at 858. However, Bernice's and Doug's testimony contradicted Mondee's statements regarding the construction of the airstrip. As an appellate court, we may not impose our opinion on the trial court's determinations of the credibility of the witnesses. *See Hopkins*, 238 S.W.3d at 557. Further, it was within the trial court's province to resolve this conflict in the evidence. *See id.* Because we must defer to the trial court as the sole judge of the credibility of the brothers' testimony, the trial court did not abuse its discretion in refusing to instruct the commissioners to set aside the airstrip to Mondee as a portion of his ownership interest in the property being partitioned. Accordingly, Mondee's sole issue is overruled.

### DISPOSITION

Having overruled Mondee's sole issue, the judgment of the trial court is ***affirmed***.

**JAMES T. WORTHEN**
Chief Justice

4

Opinion delivered July 13, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)