NO. 12-10-00270-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MONDEE STRACENER,                            §                      APPEAL
FROM THE 115TH

APPELLANT

 

V.                                            

                                                                        §                      JUDICIAL
DISTRICT COURT 

DOUG STRACENER, BERNICE L.

STRACENER AND JOEY KEITH

STRACENER,

APPELLEES                                                 §                      UPSHUR
COUNTY, TEXAS







MEMORANDUM
OPINION

            Mondee
Stracener appeals the trial court’s decree ordering partition of real property
in Upshur County, Texas, and appointing commissioners. On appeal, Mondee argues
that the trial court abused its discretion in refusing to instruct the
commissioners to set aside an airstrip to him as a portion of his ownership
interest in the property being partitioned. We affirm.

 

Background

            Mondee
filed suit against his brothers, Doug, Bernice, and Joey, seeking partition of
real property in Upshur County, Texas, which they jointly owned.  At trial, the
parties stipulated and agreed to all issues involving the partition of the real
property, excepting issues regarding an airstrip located on the property. Then,
the parties presented evidence regarding the ownership of the airstrip. Mondee
testified that he, alone, built the airstrip in 1958. Further, he explained
that he purchased the road asphalt oil to build it. He stated that it was
initially built as a drag strip, and then used as an airstrip. However, Doug
and Bernice controverted Mondee’s claim and stated that they helped construct
the drag strip. Bernice testified that he operated a maintainer, and that the
oil used to build the drag strip had been donated, not purchased as Mondee
maintained.  Doug testified that he also worked on constructing the drag strip.
 Mondee, Bernice, and Doug testified that when the drag strip was converted to
an airstrip, they all used it to land the airplanes that they piloted.

            The
trial court approved the stipulations[1]
and agreements made by the brothers, stating that the parties each owned an
undivided interest in the real property as follows:

 

Mondee –  68.75%

Doug    –  15.625%

Bernice  –  15.625% 

 

The
trial court also found that a residence and one acre of land was Mondee’s sole
property and ordered that, upon partition, the residence and land be set aside
as part of his interest. Further, the trial court appointed commissioners.
However, the trial court specifically denied Mondee’s requests that the
airstrip be declared his sole property, that the airstrip, upon partition, be
set aside as part of his interest, that he be entitled to a unity of use with
the acreage he owned adjacent to the property at issue, and that his valuation
of improvements to the airstrip be considered by the commissioners as a portion
of the value of the property. Instead, the airstrip was to be partitioned by
the commissioners along with the other real property jointly owned by Mondee,
Doug, and Bernice.  This appeal followed.

 

Standard of Review

            A
trial court exercises broad discretion in balancing the equities involved in a
case seeking equitable relief. Edwards v. Mid-Continent Office
Distributors, L.P., 252 S.W.3d 833, 836 (Tex. App.–Dallas 2008, pet
denied).  We will not disturb a trial court’s ruling on a claim seeking
equitable relief unless it is arbitrary, unreasonable, and unsupported by
guiding rules and principles. Id.

In
a nonjury trial, when, as here, a trial court makes no separate findings of
fact or conclusions of law, we must assume that the trial court made all
findings in support of its judgment. Pharo v. Chambers Co., 922
S.W.2d 945, 948 (Tex. 1996).  The trial court's judgment must be affirmed if it
can be upheld on any legal theory that finds support in the evidence. In
re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984).  Further, when, as here,
the appellate record includes the reporter’s and clerk’s records, the trial
court’s implied fact findings are not conclusive and may be challenged for
legal and factual sufficiency of the evidence supporting them. See BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 795 (Tex. 2002).

            The
finder of fact is the sole judge of the credibility of the witnesses and the
weight to be assigned to their testimony. Canal Ins. Co. v. Hopkins,
238 S.W.3d 549, 557 (Tex. App.–Tyler 2007, pet. denied).  The finder of fact is
free to believe one witness and disbelieve another, and a reviewing court may
not impose its own opinion to the contrary. See id.  Accordingly,
reviewing courts must assume that the finder of fact decided all credibility
questions in favor of the findings if a reasonable person could do so. Id.
 If a reasonable finder of fact could have so found, we must assume that the finder
of fact chose what testimony to disregard in a way that was in favor of the
findings. Id.  A finder of fact “may disregard even
uncontradicted and unimpeached testimony from disinterested witnesses” where
reasonable. Id. (quoting City of Keller v. Wilson,
168 S.W.3d 802, 819-20 (Tex. 2005)).

In
addition, it is within the fact finder’s province to resolve conflicts in the
evidence. Id.  Consequently, we must assume that, where
reasonable, the finder of fact resolved all conflicts in the evidence in a manner
consistent with the findings.  Id.  Where a reasonable finder of
fact could resolve conflicting evidence either way, we must presume the finder
of fact did so in favor of the findings. Id.  Where conflicting
inferences can be drawn from the evidence, it is within the province of the
finder of fact to choose which inference to draw, so long as more than one inference
can reasonably be drawn. Id.  Therefore, we must assume the
finder of fact made all inferences in favor of the findings if a reasonable person
could do so. Id.

 

Partition

            A
partition case, unlike other proceedings, has two final judgments, and the
first one is appealable as a final judgment. Griffin v. Wolfe,
610 S.W.2d 466, 466 (Tex. 1980).  The first decree determines the interest of
each of the joint owners or claimants, all questions of law affecting the
title, and appoints commissioners and gives them appropriate directions. Ellis
v. First City Nat’l Bank, 864 S.W.2d 555, 557 (Tex. App.–Tyler 1993,
writ denied); see also Tex. R.
Civ. P. 760, 761.  The second decree approves the report of the
commissioners and sets aside to the parties their separate shares. Ellis,
864 S.W.2d at 557.  In addition to determining the basic issues of partitionability
in kind and the fractional interest of the parties, the trial court also has
the power during the initial stage of the partition proceeding to adjust all
equities between the parties.  Yturria v. Kimbro, 921 S.W.2d 338,
342 (Tex. App.–Corpus Christi 1996, no writ); see also Snow v. Donelson,
242 S.W.3d 570, 572 (Tex. App.–Waco 2007, no pet.) (“The trial court applies
the rules of equity in determining the broad question of how property is to be
partitioned”).  Proof is made to the fact finder at trial of the existence and
value of improvements to the property at the time of partition and of other
equitable considerations that may warrant awarding a particular portion of the
property to one of the parties. Id.  The general rule is that
where improvements have been made upon the property sought to be partitioned,
the improved portion will be allotted to the part owner who has made the
improvements if this can be done without prejudice to the other owners. Price
v. Price, 394 S.W.2d 855, 858 (Tex. Civ. App.–Tyler 1965, writ ref’d
n.r.e.).

 

Discussion

            At
trial, Mondee testified that he, alone, had built the drag strip and bought the
road asphalt oil.  Doug and Bernice both insisted that they had worked on
building the drag strip, and that the oil used to construct it had been
donated.  If Mondee’s testimony regarding the construction of the airstrip had
been uncontroverted, then the trial court would have had no discretion but to
award it to him. See Yturria, 921 S.W.2d at 342; Price,
394 S.W.2d at 858. However, Bernice’s and Doug’s testimony contradicted
Mondee’s statements regarding the construction of the airstrip.  As an
appellate court, we may not impose our opinion on the trial court’s
determinations of the credibility of the witnesses. See Hopkins,
238 S.W.3d at 557.  Further, it was within the trial court’s province to
resolve this conflict in the evidence. See id. Because we
must defer to the trial court as the sole judge of the credibility of the
brothers’ testimony, the trial court did not abuse its discretion in refusing
to instruct the commissioners to set aside the airstrip to Mondee as a portion
of his ownership interest in the property being partitioned. Accordingly, Mondee’s
sole issue is overruled.

 

Disposition

            Having
overruled Mondee’s sole issue, the judgment of the trial court is affirmed.

 

                                                                                    James T. Worthen

                                                                              
               Chief Justice

 

Opinion delivered July 13, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)









                [1]
It was stipulated and agreed between the parties that Joey would receive a one acre
tract of land and renounce his claim to any other portion of the real property
to be partitioned.