

NUMBER 13-10-00490-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

ESTATE OF FREDERICK D. HOYT, DECEASED

On appeal from the County Court at Law
of Aransas County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Benavides and Vela
Memorandum Opinion by Chief Justice Valdez

Debra E. Hoyt Savell ("appellant"), the independent executrix of the estate Frederick D. Hoyt ("decedent"), appeals from a final judgment entered against her on a suit to partition certain real property. By two issues, appellant argues that: (1) the trial court's finding of an alleged oral contract to convey decedent's interest in the property to Frederick L. Hoyt and Patricia Hoyt ("appellees") was an erroneous basis to deny partition because such an oral contract is unenforceable under the Texas Statute of Frauds; and (2) the trial court erred in awarding decedent's interest to appellees because the counterclaims for promissory estoppel, quantum meruit, and unjust

enrichment asserted by appellees either do not apply or do not provide an independent cause of action. For the reasons set forth below, we conclude that the trial court's denial of the partition was not erroneous and that the trial court did not err in awarding decedent's interest to appellees. Accordingly, appellant's two issues are overruled, and the judgment of the trial court is affirmed.

## I. BACKGROUND

Decedent entered into a transaction with appellees in 1993 in which decedent and appellees purchased the property at issue from a third party seller. A deed conveyed the property from the seller to the decedent and appellee Frederick L. Hoyt, as tenants in common, subject to a security interest reserved for a purchase money note and deed of trust executed by the purchasers at the time of the transaction.

Decedent resided at the property with appellees from 1993 until the time of his death in 2008. In 2002, decedent executed a will that included specific bequests, which among other things, designated appellee Frederick L. Hoyt to receive decedent's interest in the property and designated appellee Patricia Hoyt to receive decedent's interest in the property in the event that appellee Frederick L. Hoyt did not survive decedent. After his death, however, it was discovered that decedent had executed a new will in 2007, which revoked his previous wills. The new will designated appellant, the decedent's daughter, to receive all his personal and household effects and all his residuary estate; however, unlike the 2002 will, the new will did not include any specific bequests, nor did it specifically refer to the real property at issue in this case.

Acting as the independent executor of decedent's estate, appellant filed a suit in 2009, seeking to force a partition of the property based on the 2007 will. Appellees

subsequently filed counterclaims for promissory estoppel, quantum meruit, and unjust enrichment, to which appellant asserted a defense based on the statute of frauds.

A bench trial was held in 2010, after which the trial court denied the partition and essentially quieted title to the property in appellees. Among other things, the trial court found that there was an oral agreement between the parties to the effect that decedent's interest would be limited to a life estate, or as the trial court described it, an agreement that "[appellees] would receive conveyance of [decedent's] legal interest at or before his death (full title to the property)."

According to the amended findings of fact and conclusions of law entered by the trial court, appellees paid all closing costs for the purchase transaction in 1993 and made all payments of principal and interest due on the purchase money note until the note was paid in full in 2006, for a total of $37,796.69 over a period of 13 years. The trial court also found that decedent contributed $3,900.00 toward the purchase of the property in the form of a cash down payment in 1993. The total cost of the transaction, as found by the trial court, was approximately $41,696.69.[1] Based on these figures, appellees contributed 90.65% of the money used to acquire the property, while decedent contributed only 9.35%. In addition, the trial court found that appellees, who had possession of the property and lived there since 1993, also made permanent substantial improvements to the property with decedent's consent. These improvements further increased appellees' investment in the property relative to the contribution by decedent.

---

[1] This sum does not include the closing costs for the transaction. Although the trial court found that appellees paid the closing costs for the transaction, it did not make any specific findings about the amount of the closing costs.

3

According to the trial court, equitable title to the property vested in appellees in 2006, when appellees repaid all principal and interest owed on the purchase money note. The trial court specifically found that appellees had fulfilled all of their obligations under the agreement, were entitled to full legal title to the property, and any other outcome would work a fraud or injustice against appellees. A final judgment was entered, and this appeal ensued.

## II. PARTITION

In her first issue, appellant contends that the trial court erred in denying her petition for partition.

### A. Applicable Law

Partition serves to divide property owned by co-tenants and concerns possession, not title. *See Barham v. McGraw*, 342 S.W.3d 716, 719 (Tex. App.—Amarillo 2011, pet. filed); *Dierschke v. Central Nat'l Branch of First Nat'l Bank of Lubbock*, 876 S.W.2d 377, 380 (Tex. App.—Austin 1994, no writ) (stating that an owner of a non-possessory interest cannot compel partition). Thus, to prevail in a suit for partition, "a plaintiff need only establish that he owns an interest in the property and has a right to possession of a portion thereof." *Trevino v. Trevino*, 64 S.W.3d 166, 171 (Tex. App.—San Antonio 2001, no pet.). In order to have a partitionable, "possessory interest" in a given piece of property, one must have an equal "right to possession" with the other joint owners. *Savell v. Savell*, 837 S.W.2d 836, 838-40 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (must have right to present possessory interest); *Brelsford v. Scheltz*, 564 S.W.2d 404, 406 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Lichtenstein v. Lichtenstein Bldg. Corp.*, 442 S.W.2d 765, 767-68 (Tex. Civ.

4

App.—Corpus Christi 1969, no writ) (party seeking the partition must have an equal right to possession with the other joint owners). The trial court shall order partition if it "determines that the whole, or any part of such property is susceptible of partition." TEX. R. CIV. P. 761.

A partition case, unlike other proceedings, has two final judgments, and the first one is appealable as a final judgment. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). The first decree determines the interest of each of the joint owners or claimants, all questions of law affecting the title, and appoints commissioners and gives them appropriate directions. *Ellis v. First City Nat'l Bank,* 864 S.W.2d 555, 557 (Tex. App.—Tyler 1993, writ denied); *see also* TEX. R. CIV. P. 760, 761. The second decree approves the report of the commissioners and sets aside to the parties their separate shares. *Ellis*, 864 S.W.2d at 557. In addition to determining the basic issues of partitionability in kind and the fractional interest of the parties, the trial court also has the power during the initial stage of the partition proceeding to adjust all equities between the parties. *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ); *see also Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.) ("The trial court applies the rules of equity in determining the broad question of how property is to be partitioned"). Proof is made to the fact finder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations that may warrant awarding a particular portion of the property to one of the parties. *Price v. Price*, 394 S.W.2d 855, 858 (Tex. Civ. App.—Tyler 1965, writ ref'd n.r.e.). The general rule is that where improvements have been made upon the property sought to be partitioned, the improved portion will be allotted to the part

5

owner who has made the improvements if this can be done without prejudice to the other owners. *Id.*

## B. Standard of Review

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Findings of fact are the exclusive province of the trier of fact. *Bellefonte Underwriters Ins. Co. v. Brown*, 704 S.W.2d 742, 744-45 (Tex. 1986). A court of appeals cannot make findings of fact; it can only "unfind" facts. *Tex. Nat'l Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). Unchallenged findings of fact are binding unless the contrary is established as a matter of law or there is no evidence to support the findings. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Reliance Ins. Co. v. Denton Cent. Appraisal Dist.*, 999 S.W.2d 626, 629 (Tex. App.— Fort Worth 1999, no pet.). Challenged findings of fact are reviewed for legal and factual sufficiency. *See Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 184 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that findings of fact after bench trial have same weight as jury's verdict, unchallenged findings of fact are conclusive, and challenged findings are reviewed under traditional legal and factual sufficiency standards of review; conclusions of law are reviewed de novo but upheld on any legal theory supported by the evidence).

## C. Discussion

Appellant argues that the statute of frauds bars enforcement of any oral agreement that might have existed between decedent and appellees. *See* TEX. BUS. & COM. CODE ANN. § 26.01 (West 2009). However, appellant has not challenged findings

of fact that support the trial court's denial of partition, including the findings that remove the transaction from the operation of the statute of frauds.

Under Texas law, oral contracts to convey land are not void, but unenforceable if the party against whom enforcement is sought raises the statute of frauds as a defense. *Joiner v. Elrod*, 716 S.W.2d 606, 608-09 (Tex. App.—Corpus Christi 1986, no writ). To relieve a parol sale of land from the operation of the statute of frauds, three things are necessary: (1) payment of the consideration, whether it be in money or services; (2) possession by the vendee; and (3) the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. *Hooks v. Bridgewater*, 111 Tex. 122, 126-27, 229 S.W.2d 1114, 1116-117 (1921). This is also called the doctrine of partial performance. *See Boyert v. Tauber*, 834 S.W.2d 60, 63 (Tex. 1992) ("Under the doctrine of partial performance as applied to the statute of frauds, an oral contract for the purchase of real property is enforceable if the purchaser: (1) pays the consideration; (2) takes possession of the property; and (3) makes permanent and valuable improvements on the property with the consent of the seller, or, without such improvements, other facts are shown that would make the transaction a fraud on the purchaser if the oral contract was not enforced.").

In this case, the trial court found (and appellant has not challenged) that: (1) appellees paid more than 90% of the total consideration to purchase the property from a third party and to obtain a free and clear title to the property by repaying the purchase money note, while decedent paid less than 10%; (2) appellees have had possession

and have resided on the property since 1993; (3) appellees made substantial permanent improvements on the property with decedent's consent; and (4) under the circumstances presented, the transaction would be a fraud upon appellees if it were not enforced. The foregoing provides a sufficient basis for the trial court to have concluded that the statute of frauds did not apply based on the doctrine of partial performance. Accordingly, appellant cannot establish the premise of her first issue (i.e., the applicability of the statute of frauds), and the issue is therefore overruled.

### III. AWARD OF PROPERTY TO APPELLEES

In her second issue, appellant argues that the trial court erred in awarding decedent's interest in the property to appellees because the counterclaims for promissory estoppel, quantum meruit, and unjust enrichment asserted by appellees either do not apply or do not provide an independent cause of action for such relief. It is not necessary to address those contentions specifically because appellant has not addressed or negated the authority and discretion of the trial court to award such relief in connection with the partition suit itself, which required the court to determine the basic issues of partitionability in kind and the fractional interest of the parties. *See* TEX. R. APP. P. 47.1. It is well-established that the trial court has the power during the initial stage of the partition proceeding to adjust all equities between the parties. *Yturria*, 921 S.W.2d at 342; *see also Snow*, 242 S.W.3d at 572 ("The trial court applies the rules of equity in determining the broad question of how property is to be partitioned.").

In this case, the trial court found that appellees became vested with equitable title to the property in 2006. The trial court also found that appellees were entitled to decedent's interest in the property, which was the same interest that appellant relied

8

upon in seeking partition. The award of decedent's interest to appellees is consistent with the power of the court to adjust all equities between the parties in connection with the denial of appellant's suit for partition. Accordingly, appellant's second issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
1st day of December, 2011.