James Anthony SNOW, Successor
in Interest to Virginia Snow,
Deceased, Appellant,

v.

Beulah DONELSON and Cheryl
Settle, Appellees.

No. 10–06–00334–CV.

Court of Appeals of Texas,
Waco.

Nov. 14, 2007.

Alan L. Tinsley, Attorney at Law, Madisonville, for appellant.

David Hammit, Attorney at Law, Normangee, for appellees.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Virginia Snow filed a partition suit in 1998. Shortly before the commissioner's report was filed in 2003, Virginia passed away. James Anthony Snow, Virginia's successor in interest, continued in Virginia's place. The trial court approved the commissioner's report and partitioned the property in 2006. Snow appealed. Because the trial court did not err in confirming the commissioner's report, we affirm the trial court's judgment.

The commissioners first filed a report in January of 2003 but it was not prepared under oath. They filed a report under oath in August of 2004. The content of the January 2003 and August 2004 reports is identical.

In one global issue, Snow contends the trial court erred in approving and confirming the commissioner's report. He then breaks the issue down into three sub-issues. First, he contends the commissioner's report did not conform to the Rules of Civil Procedure regarding partitions in kind. Second, he contends that the division of the property was unjust; and third, he contends the trial court and commissioners did not follow the Rule 11 agreement on file with the court.

A judicial partition involves two appealable orders. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex.1980) (per curiam); *Campbell v. Tufts*, 3 S.W.3d 256, 258 (Tex. App.-Waco 1999, no pet.).

By the first order, the trial court:

- determines "the share or interest of each of the joint owners or claimants in the real estate sought to be divided, and all questions of law and equity affecting the title to such land";
- decides whether the property is "susceptible to partition"; and
- appoints commissioners to partition the property "in accordance with the respective shares or interests of each of such parties entitled thereto."

TEX.R. CIV. P. 760, 761; *Campbell*, 3 S.W.3d at 258–259; *Yturria v. Kimbro*, 921 S.W.2d 338, 342 (Tex.App.-Corpus Christi 1996, no writ). Before rendering the first decree, the trial court has the authority to adjust all equities between the parties. *Campbell*, 3 S.W.3d at 259; *Yturria*, 921 S.W.2d at 342. The trial court applies the rules of equity in determining the broad question of how property is to be partitioned. *Id.*

Thus, proof is made to the factfinder at trial of the existence and value of improvements to the property at the time of partition and of other equitable considerations which may warrant awarding a particular portion of the property to one of the parties. *Campbell*, 3 S.W.3d at 259. Based on the findings of the judge or jury, the trial court then appoints commissioners to make the actual division of the property and instructs them to take these matters into account in making the partition. *Id.*

We have previously said that by this first decree "the merits of the case are certainly determined and the rights of the parties concluded; nor should such decree be controlled or revised unless upon appeal or writ of error." *Campbell*, 3 S.W.3d at 259; *Burkitt v. Broyles*, 340 S.W.2d 822, 823 (Tex.Civ.App.-Waco 1960, writ ref'd n.r.e.).

In the second decree, the court approves the commissioners' report and partitions the property, or if it finds the report "to be erroneous in any material respect, or unequal and unjust," the court rejects the report and appoints other commissioners to partition the land. TEX.R. CIV. P. 771; *Campbell*, 3 S.W.3d at 259. The only question which could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the decree, and as such would arise upon the acts of the commissioners. *Campbell*, 3 S.W.3d at 259; *Burkitt*, 340 S.W.2d at 823. Texas courts have uniformly held that matters decided in the first hearing cannot be challenged in an appeal from the trial court's second order adopting the commissioners' report and partitioning the property. *Campbell*, 3 S.W.3d at 259 (listing courts relied upon).

Snow's first sub-issue challenges the conformity of the commissioner's report to Rules 769 and 771 of the Texas Rules of Civil Procedure. He contends the two reports prepared did not conform to Rule 769 because the tracts were not described particularly and the reports were unintelligible because no field notes or maps relating to the property accompanied either report. Snow presents no authority for the proposition that the description provided is not sufficiently particular or for the proposition that the failure to attach field notes to a report makes a report unintelligible. He therefore presents nothing for review. TEX.R.APP. P. 38.1(h); *Batto v. Gafford*, 119 S.W.3d 346, 350 (Tex. App.-Waco 2003, no pet.). Snow also takes issue that neither report was filed person-

ally by the commissioners with the trial court but was filed by the Appellees. Snow presents no authority to support this complaint either and presents nothing for review. Tex.R.App. P. 38.1(h); *Batto v. Gafford,* 119 S.W.3d 346, 350 (Tex.App.-Waco 2003, no pet.).

■ Still within the first sub-issue, Snow also contends the trial court erred by not following Rule 771 and appointing new commissioners when it found the first report to be erroneous. The rule, however, requires the error to be material. Tex.R. Civ. P. 771. The trial court did not find the first report to be erroneous. The court found only that the first report was not made under oath. (CR at 74). Further, the rule requires that an objection to the report be made within 30 days of the date the report is filed. Tex.R. Civ. P. 771. Snow did not object until two years later. If there was any complaint to be made, Snow waived it. Tex.R.App. P. 33.1.

■ Snow's second and third sub-issues challenge, in essence, the way the trial court exercised its equitable powers to partition the property. However, he appeals from the trial court's second order which approves the commissioner's report and actually partitions the property. He did not appeal the trial court's June 2002 decree declaring the relative interests of the parties in the property and appointing commissioners to partition the property. Because these complaints challenge matters decided in the first hearing from which Snow did not appeal, we have no jurisdiction to address them now.

Snow's sole issue is overruled, and the trial court's judgment is affirmed.