ACCEPTED
03-15-00400-CV
8021813
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 5:17:58 PM
JEFFREY D. KYLE
CLERK

03-15-00399-CV
&
03-15-00400-CV

*IN THE*
*THIRD COURT OF APPEALS*
*AT AUSTIN, TEXAS*

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/30/2015 5:17:58 PM
JEFFREY D. KYLE
Clerk

**Brian Dierschke and Marvin Dierschke**
**v.**
**Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek,**
**and Grant Steven Dierschke**

_____

# APPELLEES' BRIEF

JAMES DAVID WALKER
P. O. Box 41
Milano, Texas 76556
SBOT 20706000
Phone: (512) 636-9520
Email: walker@2appeal.com
ATTORNEY FOR APPELLEES,
CHERYL LYNN DIERSCHKE,
DANA JOY DIERSCHKE NEZWEK,
AND
GRANT STEVEN DIERSCHKE

# IDENTITY OF PARTIES AND COUNSEL

Appellants fail to note that Appellees Cheryl Lynn Dierschke, Dana Joy

Dierschke Nezwek, and Grant Steven Dierschke are represented in the trial court

by:

Larry W. Bale
Hay, Wittenburg, Davis, Caldwell & Bale, L.L.P.
P. O. Box 71
San Angelo, Texas 76902-0271
Phone: (325) 658-2728
Fax: (325) 655-2278
Email: lwb@hwdcb.com

Appellees Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek, and Grant

Steven Dierschke are represented in this Court by:

James David Walker
P. O. Box 41
Milano, Texas 76556
Phone: (512) 636-9520
Email: walker@2appeal.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Cases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Statutes and Rules. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    Appellees' Cross-Point. Appellees should be awarded damages for frivolous
        appeal under authority of Texas Rules of Appellate Procedure, Rule
        45.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    Jurisdictional Considerations. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

    Appellants' Issue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    Appellees' Cross-Point. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

APPENDIX. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

    Exhibit A. Affidavit in Support of TRAP 45 Damages for Frivolous Appeal
    . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# INDEX OF AUTHORITIES

## *Cases*

*Associated Tel. Directory Publishers, Inc. v. Five D's Publishing Co.*, 849 S.W.2d 894 (Tex.App.–Austin 1993, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Biggar v. Palmer*, 2003 Tex. App. LEXIS 8892, 2003 WL 22361068 (Tex.App.–El Paso 2003, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Brazos River Authority v. Graham*, 354 S.W.2d 99 (Tex. 1961). . . . . . . . . . . . . . 22

*Cranberg v. Wilson*, 2004 Tex. App. LEXIS 656 (Tex.App.–Austin 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Deaner v. Marchese*, 2004 Tex. App. LEXIS 915, 2004 WL 177480 (Tex.App.–Fort Worth 2004, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

*Devji v. Keller*, 2003 Tex. App. LEXIS 6322, 2003 WL 21705829 (Tex.App.–Austin 2003, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985). . . . . . . . . 23

*Hagen v. Hagen*, 282 S.W.3d 899 (Tex. 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Hamilton v. Bell*, 2013 Tex. App. LEXIS 15369, 2013 WL 6805663 (Tex.App.–Austin 2013, pet. den.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*In the Interest of J.M.*, 396 S.W.3d 528 (Tex. 2013). . . . . . . . . . . . . . . . . . . . . . 18

*In the Interest of M.S.*, 115 S.W.3d 534 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . 28

*Jimmie Luecke Children Partnership, Ltd. v. Pruncutz*, 2013 Tex. App. LEXIS 10362, 2013 WL 4487541 (Tex.App.–Austin 2013, no pet.).. . . . . . . . . . . . . . . 20

*JNS Enter., Inc. v. Dixie Demolition*, LLC, 430 S.W.3d 444 (Tex.App.–Austin 2013, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Joy v. Joy*, 156 S.W.2d 547 (Tex.Civ.App.–Eastland 1941, writ ref'd w.o.m.)... 25

*Marshall v. Mahaffey*, 974 S.W.2d 942 (Tex.App.–Beaumont 1998, pet. den.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871 (Tex.App.–Dallas 2014, pet. den.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Miller v. Armogida*, 877 S.W.2d 361 (Tex.App.–Hou. [1st Dist.] 1994, writ den.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Minus v. Doyle*, 170 S.W.2d 220 (Tex. 1943).. . . . . . . . . . . . . . . . . . . . . . . . 20

*Monsanto Co. v. Davis*, 25 S.W.3d 773 (Tex.App.–Waco 2000, pet. dism'd). . . 27

*Norton v. Deer Creek Prop. Owners Ass'n*, 2010 Tex. App. LEXIS 5895, 2010 WL 2867375 (Tex.App.–Austin 2010, no pet.). . . . . . . . . . . . . . . . . . . . . 32

*Oilwell Div., United States Steel Corp. v. Fryer*, 493 S.W.2d 487 (Tex. 1973). . 22

*Owen v. Jim Allee Imps., Inc.*, 380 S.W.3d 276 (Tex.App.–Dallas 2012, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*Petro. Solutions, Inc. v. Head*, 454 S.W.3d 482 (Tex. 2014). . . . . . . . . . . . . . . 23

*PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267 (Tex. 2012). . . . . . . . . . . . . . . . . 24

*Raymond v. Aquarius Condominium Owners Assn.*, 662 S.W.2d 82 (Tex.App.–Corpus Christi 1983, no writ). . . . . . . . . . . . . . . . . . . . . . . . 28

*Sadler v. Duvall*, 815 S.W.2d 285 (Tex.App.–Texarkana 1991, pet. den.). . . . . . 20

*Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692 (Tex.App.–El Paso 2007, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Sincerely Yours, L.P. v. NCI Bldg. Sys., L.P.*, 2011 Tex. App. LEXIS 931, 2011 WL 446188 (Tex.App.–Amarillo 2011, pet. den.). . . . . . . . . . . . . . . . . . . 25

*Steinbrecher v. Steinbrecher*, 2003 Tex. App. LEXIS 4712, 2003 WL 21282767 (Tex.App.–Austin 2003, pet. den.), *cert. den.*, 541 U.S. 959 (2004). . . . . . . . . . . 29

*Texas Dep't of Pub. Safety v. Thomas*, 1999 Tex. App. LEXIS 2500 (Tex.App.–Hou. [14th Dist.] 1999, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, Inc.*, 2015 Tex. App. LEXIS 4046 (Tex.App.–Austin), *judgment vacated by agreement - opinion not withdrawn*, 2015 Tex. App. LEXIS 9154 (Tex.App.–Austin 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Wang v. Hsu*, 899 S.W.2d 409 (Tex.App.–Hou. [14th Dist.] 1995, pet. den.). . . . 17

*Williams v. Walker*, 2004 Tex. App. LEXIS 3034, 2004 WL 691637 (Tex.App.–Waco 2004, pet. den.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Statutes and Rules*

Texas Rules of Appellate Procedure, Rule 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Texas Rules of Appellate Procedure, Rule 38.1. . . . . . . . . . . . . . . . . . . . 8, 13, 27, 30

Texas Rules of Appellate Procedure, Rule 44.1. . . . . . . . . . . . . . . . . . . . . . . . . . 28

Texas Rules of Appellate Procedure, Rule 45. . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Texas Rules of Evidence, Rule 103. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 25

**STATEMENT OF THE CASE**

Appellees pleaded an undivided ownership interest in, and sought partition of, several tracts of land located in Tom Green County, Texas. (CR:5)[1] Appellees also sought an accounting from, and money judgment against, Appellants for Appellees' share of the income Appellants received from such properties. (CR:5) The trial court struck Appellants' pleadings and ordered judgment by default against Appellants on all claims and causes of action asserted by Appellees. (CR:116,210; RR2:51-52,58)

After a bench trial, the 340th Judicial District Court on June 1, 2015 signed a Decree which determined ownership of the tracts, determined tracts which are susceptible to partition, appointed commissioners to make the partition, and awarded Appellees a money judgment against Appellants. (CR:50) On June 10, 2015 Appellants filed a document captioned "Motion to Appeal Due to Fraud" (CR:55) which motion apparently has been treated as a notice of appeal and docketed in this Court as Case No. 03-15-00399-CV.

On June 16, 2015 the 340th Judicial District Court signed a First Amended Decree which provides that the June 1st Decree is "set aside and held to be of no

_____

[1]This brief addresses both Case No. 03-15-00399-CV & Case No. 03-15-00400. The cases share a common reporter's record. Although each case has its own clerk's record, these clerk's records are identical except for the clerk certification dates listed on page 211 of each.

further force or effect." (CR:116) By the First Amended Decree the trial court again determined ownership of the tracts, determined tracts which are susceptible to partition, appointed commissioners to make the partition, and awarded Appellees a money judgment against Appellants. (CR:116) On June 25, 2015 Appellants filed a document captioned "Motion to Appeal the June 16th Judge's Orders Due to Fraud" (CR:120) which motion apparently has been treated as a notice of appeal and docketed in this Court as Case No. 03-15-00400-CV.

Appellees object to Appellants' "Statement of the Case" on the ground that Appellants' Statement of the Case contains a recitation of facts - which facts are supported by neither record references nor evidence. *See* Texas Rules of Appellate Procedure, Rule 38.1(d) (statement of the case should discuss nature of case, course of proceedings, and trial court's disposition - should be supported by record references - should not discuss the facts). These unsupported facts are disputed and will be further addressed in Appellees' Statement of Facts and in Appellees' Argument.

## ISSUES PRESENTED

**Appellees' Cross-Point.** Appellees should be awarded damages for frivolous appeal under authority of Texas Rules of Appellate Procedure, Rule 45.

## STATEMENT OF FACTS

Appellant/Defendant Marvin Dierschke (Marvin) and Marvin's former wife, the late Carmelita Schwertner Dierschke (Carmelita), had five children:

Appellee/Plaintiff Cheryl Lynn Dierschke
Appellee/Plaintiff Dana Joy Dierschke Nezwek
Appellee/Plaintiff Grant Steven Dierschke
Appellant/Defendant Brian Dierschke
and
Defendant Christy Ann Dierschke (did not appeal).

(RR3:PlExh;PlExh6)

In 1979 Marvin and Carmelita entered into a trust agreement (the Trust Agreement) whereby Carmelita (as trustor) transferred to Marvin (as trustee) certain real property to be held and used for the benefit of Carmelita and their children. (RR2:40; RR3:PlExh3;PlExh4) This transfer of real property was effectuated by a deed whereby Carmelita conveyed the real property to trustee Marvin (the Carmelita Deed). (RR2:42; RR3:PlExh4)

Thereafter, a guardianship was initiated on Carmelita's behalf (because she suffered from schizophrenia). (RR2:36,42-43; RR3:PlExh5,PlExh6) Carmelita (acting through her guardian) and Marvin were divorced by decree dated June 30, 1981 (the Divorce Decree). (RR2:44; RR3:PlExh6) The Divorce Decree approved and incorporated an agreement incident to divorce (the Agreement Incident to

Divorce) – by which agreement Carmelita acquired ownership of real and personal property held in the Trust, such property to remain in trust in accordance with the Trust Agreement. (RR2:44; RR3:PlExh5;PlExh6)

At some point Marvin was removed or resigned from his position as trustee. (Appellants'Brief,p.6; RR2:46; RR3:PlExh1) The Trust Agreement designated Central National Bank to serve as successor trustee in the event that Marvin resigned or became unable to serve as trustee. (RR3:PlExh3,p.10) Central National Bank was appointed successor trustee and it eventually became Wells Fargo Bank. (RR2:46; RR3:PlExh1)

Carmelita died in March of 2009. (RR2:39) As a consequence of her death, the Trust Agreement required the trustee to give each of Carmelita's and Marvin's five children an equal share of the trust estate – the youngest child having by then attained the age of 21. (RR3:PlExh3,PlExh6)

By a deed without warranty (the Wells Fargo Deed), successor trustee Wells Fargo Bank in July of 2009 conveyed to each of the children an undivided 1/5 interest in real property held in the Trust. (RR2:45-50; RR3:PlExh1,PlExh7) At least some portion of this real property came into the Trust after the divorce. (RR2:44-49)

In the proceeding below, Appellees sought partition of their undivided

11

interests conveyed by the Wells Fargo Deed. (CR:5; RR2:50; RR3:PlExh1,PlExh7) The trial court determined the lands which are susceptible to partition and likewise determined the interests owned by Appellees, by Appellees' siblings (including Appellant Brian), and by their father (Appellant Marvin). (CR:116) The trial court appointed commissioners to make the partition. (CR:116)

In the partition proceeding below, Appellees also sought an accounting to recover their share of the income which Appellants had received from crops grown by Appellants on the lands conveyed by the Wells Fargo Deed. (CR:9) Appellants refused to answer discovery requests about the income they had received so the trial court struck Appellants' pleadings and ordered judgment by default against Appellants on all claims and causes of action asserted by Appellees. (CR:116,210; RR2:51-52,58)

In order to determine the income received by Appellants from crops grown by Appellants on the lands, Appellees subpoenaed records from various entities. (RR2:52-57; RR3:PlExh8-15) Appellees used these records along with estimates to prepare spread sheets which summarize both crop proceeds and production expenses. (RR2:57-79; RR3:PlExh16-20)

The financial estimates were provided by Appellee Grant Steven Dierschke - who had farmed the lands in the late 1990's while his father and

brother (Appellants Marvin and Brian) served prison sentences for bankruptcy fraud. (RR2:35-38,58) After Appellants were released from prison, they prevented Appellees' use of the lands. (RR2:38-39)

The total moneys which should have been paid by Appellants to Appellees totaled $264,724.13. (RR2:78-79) The trial court ordered that Appellees recover that sum from Appellants. (CR:116)

Appellees object to Appellants' "Statement of Facts," Appellants' "Statement of the Case," and Appellants' entire brief on the ground that such contains a recitation of facts supported by neither record references nor evidence. *See e.g.* Texas Rules of Appellate Procedure, Rule 38.1(d) (statement of the case must be supported by record references), Rule 38.1(g) (statement of facts must be supported by record references), and Rule 38.1(i) (argument must include citations to the record).

Appellants' Brief contains a rambling narrative which blends assertions of fact and assertions of law and, as a consequence, specific denials would essentially require a verbatim recitation of a large portion of such brief. Except to the extent that a fact is herein expressly admitted, Appellees dispute every "fact" asserted by Appellants. Some of Appellants' unsupported assertions of fact will be further addressed in the Argument section of this brief.

Similarly, Appellees object to Appellants' Brief on the ground that it makes reference to documents which were neither offered nor admitted into evidence. Some such documents may be the documents attached to Appellants' "Motion to Appeal Due to Fraud" (CR:55) or the documents attached to Appellants' "Motion to Appeal the June 16th Judge's Orders Due to Fraud" (CR:120) but, in any event, the documents were not admitted into evidence (RR3:ExhibitsIndex). Some of these documents will be further addressed in the Argument section of this brief.

## SUMMARY OF THE ARGUMENT

Appellants have asserted facts and referenced documents which are supported by neither record references nor evidence - for the purpose of assigning error which is not preserved, which is not established by the record, which is not supported by relevant authority, and which is not shown to have caused harm. Moreover, Appellees' claims were established by default.

An award of damages for frivolous appeal would be especially appropriate in this case because Appellants are proceeding pro se while Appellees necessarily retained and agreed to compensate counsel to counter Appellants' frivolous complaints. It would be appropriate to shift to Appellants the cost of responding to Appellants' frivolous appeal.

## ARGUMENT

### *Jurisdictional Considerations*

There are jurisdictional considerations. This case has been docketed under two case numbers, being Case No. 03-15-00399-CV (herein Case 399) and Case No. 03-15-00400-CV (herein Case 400). Apparently one case concerns the decree signed June 1, 2015 and the other case concerns the decree signed on June 16, 2015. Appellants' Brief bears both case numbers so Appellees have assigned both case numbers to this brief.

The trial court's original decree was signed on June 1, 2015. (CR:50) On June 10, 2015 Appellants filed a document captioned "Motion to Appeal Due to Fraud" (CR:55) which motion apparently was treated as a notice of appeal. The motion, addressed to the trial court and seeking reversal of the judgment, ends as follows: "We pray that you will review these documents and possibly reverse your decision or grant us an appeal where we can show this fraud to the circuit court." (CR:56)

On June 16, 2015 the trial court signed a First Amended Decree which provides that the June 1st Decree is "set aside and held to be of no further force or effect." (CR:116) On June 25, 2015 Appellants filed a document captioned "Motion to Appeal the June 16th Judge's Orders Due to Fraud" (CR:120) which

motion apparently was treated as a new, distinct notice of appeal. The motion, addressed to the trial court and seeking reversal of the judgment, ends as follows: "We pray that we will be able to appeal these points to a higher level if not reversed." (CR:122)

Apparently, each of Appellants' two motions (to appeal) were transmitted to the Court of Appeals with its own clerk's record - the record for each being identical but for the record's certification date. Apparently, each such motion was assigned a unique appellate case number (Case 399 and Case 400). The cases share a common reporter's record.

> However, a judgment which is set aside cannot be appealed.
>
> If a judgment is modified, corrected, or reformed in any respect, the time for appeal runs from the correction date. A second judgment becomes "the judgment" in a case; it is as if the first judgment was never entered.
>
> * * *
>
> The plenary power to "vacate" includes setting aside a judgment. When a judgment has been set aside, it is as if there was no judgment. Once the second judgment is signed, the first judgment is "dead," and is not a final judgment from which an appeal can be taken.

*Wang v. Hsu*, 899 S.W.2d 409, 411 (Tex.App.–Hou. [14th Dist.] 1995, pet. den.) (authority omitted).

Consequently, at least one of the cases (Case 399 or Case 400) should be

17

dismissed for lack of jurisdiction. Because Case 399 was docketed before Case 400 (the former bearing a lower case number), it seems likely that Case 399 concerns the motion challenging the decree which was set aside - being the June 1st decree. In any event, any appeal of the June 1st decree should be dismissed for lack of jurisdiction.

Additionally, unless Appellants' motions can be deemed filed in a bona fide attempt to invoke the appellate court's jurisdiction, then both cases (Case 399 and Case 400) should be dismissed for lack of jurisdiction. *See In the Interest of J.M.*, 396 S.W.3d 528, 530 (Tex. 2013) (hybrid document treated as notice of appeal because motion states that appellant wanted to appeal the case to the court of appeals); *Hamilton v. Bell*, 2013 Tex. App. LEXIS 15369, *3, 2013 WL 6805663 (Tex.App.–Austin 2013, pet. den.) (lack of appellate jurisdiction cannot be waived); *Salas v. State Farm Mut. Auto. Ins. Co.*, 226 S.W.3d 692, 695 (Tex.App.–El Paso 2007, no pet.) (appellate court will inquire into its own jurisdiction).

### *Appellants' Issue*

As a predicate to this argument, some attention should be given to the special nature of a partition action. The June 16th Decree is a final, appealable judgment - because the trial court thereby determined ownership of the tracts,

determined tracts which are susceptible to partition, appointed commissioners to

make the partition, and awarded Appellees a money judgment against Appellants

(an accounting for profits). (CR:116)

> Two judgments are rendered in a partition suit. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980) (per curiam). The first judgment, sometimes referred to as an interlocutory decree, determines the interest of each of the joint owners and whether the property is susceptible to partition. Tex. R. Civ. P. 760, 761; *see also Snow v. Donelson*, 242 S.W.3d 570, 572 (Tex. App.—Waco 2007, no pet.); *Carson v. Hagaman*, 884 S.W.2d 194, 195 n.1 (Tex. App.—Eastland 1994, no writ). If the property is susceptible to partition, the trial court will appoint commissioners to partition the property in accordance with the respective interests of the joint owners. Tex. R. Civ. P. 761. The commissioners then will issue a report partitioning the land in accordance with the interlocutory decree and the requirements of Texas Rule of Civil Procedure 769. Tex. R. Civ. P. 769. Within thirty days of the date the commissioners' report is filed, either party to the suit may file objections to the report. Tex. R. Civ. P. 771. The party objecting to the commissioners' report has the burden of proving that the report is materially erroneous or that it unequally and unjustly partitions the property. *Id.; Ellis v. First City Nat'l Bank*, 864 S.W.2d 555, 557 (Tex. App.–Tyler 1993, no writ).

> The second judgment, sometimes referred to as the final decree, approves the report of the commissioners and partitions the property. *Snow*, 242 S.W.3d at 572; *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App.—San Antonio 1952, writ ref'd). If the trial court finds the report to be "erroneous in any material respect, or unequal and unjust," the trial court must reject the report and appoint other commissioners to partition the land. Tex. R. Civ. P. 771; *see also Snow*, 242 S.W.3d at 572. Although the first judgment is often characterized as preliminary or interlocutory, both judgments are final for purposes of appeal. *Marmion*, 246 S.W.2d at 705. Matters decided in the interlocutory decree cannot be reviewed in an appeal from the

final decree. *Id.*

*Jimmie Luecke Children Partnership, Ltd. v. Pruncutz*, 2013 Tex. App. LEXIS 10362, *6-8, 2013 WL 4487541 (Tex.App.–Austin 2013, no pet.); *see Minus v. Doyle*, 170 S.W.2d 220, 224 (Tex. 1943) (holding that a cotenant's action for accounting is included in the equities which should be tried with the partition action); *Sadler v. Duvall*, 815 S.W.2d 285, 289 (Tex.App.–Texarkana 1991, pet. den.) (an accounting is an incident of a partition suit).

Appellants' only issue raises evidentiary complaints, to-wit: "Did the trial court err by allowing forgery, perjury and false documents into the trial?" (Appellants'Brief,p.8)  Appellants specifically complain (Appellants'Brief,p.9) that the following "are false or forged": the Beesley Affidavit (RR3:PlExh1); the Carmelita Deed (RR3:PlExh4); the Agreement Incident to Divorce (RR3:PlExh5); the Divorce Decree (RR3:PlExh6); and, the Wells Fargo Deed (RR3:PlExh7).

However, Appellants failed to preserve their evidentiary complaints. Indeed, Appellants waived complaint - because they failed to object when the documents were offered into evidence.

Appellants were present during the trial. (RR2:2). However, they did not object when the documents were offered into evidence. (RR2:6,42-44,50). In fact, during the course of the trial Appellants never spoke. (RR2)

20

A party may claim error in a ruling to admit evidence only if the party timely and specifically objects or moves to strike.

>    (a)  Preserving a Claim of Error.  --A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and:
>
>>        (1)  if the ruling admits evidence, a party, on the record:
>>            (A)  timely objects or moves to strike; and
>>            (B)  states the specific ground, unless it was apparent from the context . . . .

* * *

Texas Rules of Evidence, Rule 103(a); *see also* Texas Rules of Appellate Procedure, Rule 33.1  (as prerequisite to presenting complaint for appellate review, the record must show that the complaint was made by a timely motion request, objection, or motion that states grounds for ruling with sufficient specificity and which complies with the requirement of the Texas Rules of Evidence and, additionally, the record must show that the court ruled or refused to rule on same).

A party opposing the admission of evidence must specifically object at the time it is offered to lay a predicate for appellate review of the trial court's action. *Marshall v. Mahaffey*, 974 S.W.2d 942, 950 (Tex.App.–Beaumont 1998, pet. den.). An objection to the introduction of the evidence if not timely made is

waived. *Id.*; *see Texas Dep't of Pub. Safety v. Thomas*, 1999 Tex. App. LEXIS 2500, *7 (Tex.App.–Hou. [14th Dist.] 1999, no pet.) (an objection is generally not timely if made after the evidence has been admitted).

Appellants' evidentiary complaints were waived because the challenged evidence was admitted without objection. *See Marshall*, 974 S.W.2d at 950 (an objection made after the evidence has been admitted is too late); *cf. Biggar v. Palmer*, 2003 Tex. App. LEXIS 8892, *27, 2003 WL 22361068 (Tex.App.–El Paso 2003, no pet.) (there is no judicially efficient way to cure a complaint regarding the admission of evidence, when the complaint is raised for the first time after judgment has been rendered).

Furthermore, Appellants' claims of forgery, perjury and false documents constitute affirmative defenses which are not supported by the pleadings. Affirmative defenses are waived if not pleaded. *See* Tex. R. Civ. P. 94 (in pleading to a preceding pleading, a party shall set forth affirmatively fraud, illegality, and any other matter constituting an avoidance or affirmative defense); *Brazos River Authority v. Graham*, 354 S.W.2d 99, 111 (Tex. 1961) (affirmative defense is waived if not pleaded); *Oilwell Div., United States Steel Corp. v. Fryer*, 493 S.W.2d 487, 490 (Tex. 1973) (fraud is an affirmative defense); *Williams v. Walker*, 2004 Tex. App. LEXIS 3034, *11, 2004 WL 691637 (Tex.App.–Waco 2004, pet.

22

den.) (forgery is an affirmative defense).

In this regard, the trial court struck Appellants' pleadings and granted judgment by default against them on all of the claims and causes of action asserted by Appellees. (CR116) Appellants have not assigned error to either the striking of pleadings or the entry of default. Their brief makes no reference to either the striking of pleadings or the entry of default.

Because Appellants' pleadings were struck, Appellants had no pleading and consequently cannot in this Court rely on affirmative defenses. *See Petro. Solutions, Inc. v. Head*, 454 S.W.3d 482, 490 n.7 (Tex. 2014) (because the trial court struck the defense before trial, even if the court did so erroneously, it would be improper to render judgment on limitations grounds on appeal of the final judgment); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 243 (Tex. 1985) (answer had been struck and default judgment rendered as to liability - thus defendant had no pleading to support the affirmative defense of contributory negligence); *cf. Associated Tel. Directory Publishers, Inc. v. Five D's Publishing Co.*, 849 S.W.2d 894, 899 (Tex.App.–Austin 1993, no pet.) (because ATD failed to plead the affirmative defense of fraud, it may not raise the defense on appeal).

Moreover, Appellants' complaints about the Divorce Decree, the Agreement Incident to Divorce, and the Carmelita Deed constitute an impermissible collateral

23

attack on a judgment.

> As with other final, unappealed judgments which are regular on their face, divorce decrees and judgments are not vulnerable to collateral attack. The decree must be void, not voidable, for a collateral attack to be permitted. Errors other than lack of jurisdiction over the parties or the subject matter render the judgment voidable and may be corrected only through a direct appeal.

*Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) (authority omitted).

Appellants failed to rebut the presumption of the Divorce Decree's validity. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) (when attacked collaterally, a judgment is presumed valid). The Divorce Decree approved and incorporated the Agreement Incident to Divorce, which agreement awarded Carmelita assets held in the Trust - such assets having been placed in trust by the Carmelita Deed. (RR2:44; RR3:PlExh5;PlExh6) Thus, neither the Divorce Decree nor these documents upon which it relies can be collaterally attacked.

Appellants complain that the Agreement Incident to Divorce was signed by John Schwartz as Carmelita's guardian. They argue that Schwartz can't sign for Carmelita because (it is further argued) Carmelita was never adjudged incapacitated. Appellants conclude that Schwartz as a consequence forged the Agreement Incident to Divorce.

However, this argument at best raises an issue about Schwartz' capacity -

which issue had to be challenged during the divorce proceeding. *See Joy v. Joy*, 156 S.W.2d 547, 550 (Tex.Civ.App.–Eastland 1941, writ ref'd w.o.m.) (in the absence of a pleading challenging capacity, there was no issue before the court as to the guardian's legal capacity to sue and recover in her capacity as guardian).

Moreover, the complaint about Schwartz' capacity was waived in the underlying partition proceeding because Appellants failed to object to testimony about the guardianship. *See* Texas Rules of Evidence, Rule 103(a). The evidence established that the guardianship was initiated on Carmelita's behalf because she suffered from schizophrenia. (RR2:36,42-43; RR3:PlExh5,PlExh6) Indeed, at one point in their brief Appellants admit that a guardianship was "put in place" for Carmelita. (Appellants'Brief,p.5)

Aside from the collateral nature of the attack, Appellant Marvin invited the trial court to enter the Divorce Decree and as a consequence he cannot now attack either the decree or the documents upon which it relies. In this regard, Marvin's counsel signed the decree below the notation "Approved," such approval not being limited in scope. (CR:60-61) Similarly, Marvin himself signed the Agreement Incident to Divorce - which agreement asked the trial court to approve and incorporate the agreement into a divorce decree. (CR:45) Thus, Marvin cannot now attack the decree and the related documents. *See Sincerely Yours, L.P. v. NCI*

25

*Bldg. Sys., L.P.*, 2011 Tex. App. LEXIS 931, *4-5, 2011 WL 446188 (Tex.App.–Amarillo 2011, pet. den.) (having invited entry of judgment by approving such as to form and substance, appellant may not attack the judgment).

Marvin's son, Appellant Brian, has not shown that Brian had any interest in the property awarded by the Divorce Decree and thus has not shown that he has standing to attack such decree's award of property to Carmelita. *Cf. Devji v. Keller*, 2003 Tex. App. LEXIS 6322, *11, 2003 WL 21705829 (Tex.App.–Austin 2003, no pet.) (because appellant is a guarantor of the debt and has not paid that debt, he lacked standing to sue for any relief concerning that debt). Moreover, there is no evidence that Brian would have acquired any interest in the lands which are the subject of the partition action - were it not for his interest in the Trust.

Appellants discuss a number of documents which were neither offered nor admitted into evidence. Some such documents may be the documents attached to Appellants' "Motion to Appeal Due to Fraud" (CR:55) or the documents attached to the "Motion to Appeal the June 16th Judge's Orders Due to Fraud" (CR:120) but - in any event - the documents were not admitted into evidence (RR3:ExhibitsIndex)

As a general rule, documents not admitted into evidence are not considered

by an appellate court. *Monsanto Co. v. Davis*, 25 S.W.3d 773, 781 (Tex.App.–Waco 2000, pet. dism'd). The documents which are discussed by Appellants but not admitted into evidence appear to be real property conveyances - such as deeds and deeds of trust. *See e.g.* Appellants' Brief, pp.4-7,10. However, the Carmelita Deed and the Wells Fargo Deed are the only conveyances admitted into evidence. (RR3:ExhibitsIndex)

Appellants' Brief contains repeated references to the term "Superior Title." The meaning and relevance of the references are not clear. The references seem to depend on documents not admitted into evidence. *See* Appellants'Brief,pp.10-11.

Appellants' Brief contains a recitation of facts which are supported by neither record references nor evidence - with no effort to demonstrate relevance. For example, allegations about a deed made in 2003 by Grant Dierschke. Other examples include rambling allegations about Otto Dierschke, Annie Dierschke, Curt Steib, George Finley, James Carter, Gerald Ratliff, John Sutton, Steve Holt, Lester Ocker, John Hay, Jr., Charles Wittenburg, Cynthia Caldwell, Larry Bale, and Larry Bale's relatives. These unsupported allegations do not establish error. *See e.g.* Texas Rules of Appellate Procedure, Rule 38.1(d) (statement of the case must be supported by record references), Rule 38.1(g) (statement of facts must be supported by record references), and Rule 38.1(i) (argument must include citations

to the record).

For example, Appellants allege without record reference that Carter talked Marvin into putting a tract of land into a trust "so it would be buried and not found." (Appellants'Brief,p.9) There is no evidence to support this allegation.

Additionally, Appellants have not demonstrated that they were harmed by any admission of evidence. An appellant has the burden to prove that the appellant was harmed by an erroneous admission of evidence. *See* Texas Rules of Appellate Procedure, Rule 44.1(a) (no judgment shall be reversed on appeal unless error probably caused the rendition of an improper judgment or probably prevented proper presentation of case on appeal); *In the Interest of M.S.*, 115 S.W.3d 534, 538 (Tex. 2003) (it was appellant's burden to show that she was prejudiced by the erroneously admitted orders).

Even if some of the complained-of evidence had been erroneously admitted, it would be presumed that the trial court disregarded such evidence. It is a rule of long standing that trial judges are presumed to disregard evidence which is nonprobative, prejudicial or otherwise unfit. *Raymond v. Aquarius Condominium Owners Assn.*, 662 S.W.2d 82, 92 (Tex.App.–Corpus Christi 1983, no writ). Therefore, even if there was error, it was harmless. *See id.*

Moreover, Appellants have not identified an issue on which Appellants

were adversely affected by an improper admission of evidence. Appellants have not assigned error to the money judgment. Appellants likewise have not assigned error to the determination that lands are subject to partition. Thus, any error in the admission of evidence on these issues would be harmless.

Similarly, Appellants have not assigned error to the trial court's determination of ownership in the lands. *See* Tex. R. Civ. P. 760 (upon the hearing of the cause, the court shall determine the share or interest of each of the joint owners or claimants in the real estate sought to be divided). Appellants make no effort to demonstrate how the ownership would have differed - had the complained of evidence been disregarded.

Even more significantly, ownership of such lands was not a contested issue. As was noted, the trial court struck Appellants' pleadings and granted judgment by default against them on all of the claims and causes of action asserted by Appellees. (CR116) Appellants have not assigned error to the striking of pleadings or to the entry of default.

As a consequence of the default, the ownership interests pleaded by Appellees were established as a matter of law. *Cf. Steinbrecher v. Steinbrecher*, 2003 Tex. App. LEXIS 4712, *6, 2003 WL 21282767 (Tex.App.–Austin 2003, pet. den.) (because default judgment was rendered in partition action, the pleaded

facts and liability are deemed admitted), *cert. den.*, 541 U.S. 959 (2004).

The ownership which was pleaded is the same ownership which was adjudicated. (CR:7-8,116-117; RR3:PlExh.1) Because such ownership was established as a matter of law, any error in the admission of evidence on such issue would be harmless.

Similarly, as a consequence of the default - liability on the accounting (failure to pay Appellees their share of income) was established as a matter of law. (CR:9-10) For this additional reason, any error in the admission of evidence on such issue would be harmless.

Appellants failed to cite authority relevant to either overcoming entry of default or otherwise establishing harmful error. As a consequence, complaint is waived. The failure to adequately brief an issue by failing to specifically argue and analyze one's position waives any error on appeal. *McCullough v. Scarbrough, Medlin & Assocs.*, 435 S.W.3d 871, 911-912 (Tex.App.–Dallas 2014, pet. den.); *see* TRAP 38.1(i) (brief must contain argument for contentions made, with citation to authorities).

### *Appellees' Cross-Point*

By cross-point, Appellees seek an award of damages for frivolous appeal. The applicable rule provides as follows:

> If the court of appeals determines that an appeal is frivolous, it may - on motion of any party or on its own initiative, after notice and a reasonable opportunity for response - award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Texas Rules of Appellate Procedure, Rule 45.

Imposition of Rule 45 sanctions is within the court's discretion. *Cranberg v. Wilson*, 2004 Tex. App. LEXIS 656, *8, 2004 WL 101794 (Tex.App.–Austin 2004, no pet.). An appellant proceeding pro se is held to the same standards as licensed attorneys. *Id.*

To determine if an appeal is frivolous, the court applies an objective test, reviews the record from the appellant's point of view, and decides whether the appellant had reasonable grounds to believe the judgment could be reversed. *Twenty First Century Holdings, Inc. v. Precision Geothermal Drilling, Inc.*, 2015 Tex. App. LEXIS 4046, *20 (Tex.App.–Austin), *judgment vacated by agreement - opinion not withdrawn*, 2015 Tex. App. LEXIS 9154 (Tex.App.–Austin 2015). A showing of bad faith is not necessary to impose sanctions under rule 45. *Cranberg*, 2004 Tex. App. LEXIS 656, *7.

Here, Appellants had no reasonable grounds to believe the judgment could be reversed. As was demonstrated, Appellants have filed a brief which

demonstrates neither preservation, nor error, nor harm. Appellants rely on assertions of fact which are supported by neither record references nor evidence. Appellants rely on documents which were not admitted into evidence. Appellants don't even mention the fact that the trial judge had struck their pleadings and ordered judgment by default. Appellants' appeal is frivolous. *See Norton v. Deer Creek Prop. Owners Ass'n*, 2010 Tex. App. LEXIS 5895, *28, 2010 WL 2867375 (Tex.App.–Austin 2010, no pet.) (a poorly written brief raising no arguable points of error is a circumstance that tends to indicate that an appeal is frivolous).

In determining whether to award damages for a frivolous appeal, the Court can consider the fact that Appellants disregarded court rules and court orders in the trial court. *See Deaner v. Marchese*, 2004 Tex. App. LEXIS 915, *5, 2004 WL 177480 (Tex.App.–Fort Worth 2004, no pet.) (in awarding Rule 45 damages, court considered appellant's pattern of vexatious litigation in both the appellate proceeding and prior actions). As was noted, Appellants had refused to answer discovery requests about the income they had received (relevant to the accounting claim) so the trial court struck Appellants' pleadings and ordered judgment by default against Appellants on all claims and causes of action asserted by Appellees. (CR:116,210; RR2:51-52,58)

In determining whether to award damages for a frivolous appeal, the Court

can also consider the fact that Appellants are proceeding pro se while Appellees necessarily had to retain counsel. It takes little effort to shotgun a multitude of complaints not supported by the record. However, formulating a meaningful response requires time and expertise.

Thus, it would be appropriate to shift the cost of Appellees' response (appellate attorney fees) to Appellants. As one court observed:

> We will not permit spurious appeals, which unnecessarily burden parties and our already crowded docket, to go unpunished. Such appeals take the court's attention from appeals filed in good faith, wasting court time that could and should be devoted to those appeals. *No litigant has the right to put a party to needless burden and expense* or to waste a court's time that would otherwise be spent on the sacred task of adjudicating the valid disputes of Texas citizens.

*Owen v. Jim Allee Imps., Inc.*, 380 S.W.3d 276, 291 (Tex.App.–Dallas 2012, no pet.) (emphasis added).

In responding to Appellants' appeal, Appellees incurred attorney's fees in the amount of $6,012. This is a reasonable fee for services necessarily rendered. (*See* Affidavit in Support of Trap 45 Damages for Frivolous Appeal, attached hereto as Exhibit A). Moreover, "[w]hen attorney's fees are assessed as sanctions, no proof of necessity or reasonableness is required." *Miller v. Armogida*, 877 S.W.2d 361, 365 (Tex.App.–Hou. [1st Dist.] 1994, writ den.); *see JNS Enter., Inc. v. Dixie Demolition*, LLC, 430 S.W.3d 444, 459 (Tex.App.–Austin 2013, no pet.)

33

(the general rules for recovery of an award of attorney's fees do not apply to

attorney fees awarded as sanctions).

## PRAYER

Appellees pray:

1. That the appeal be dismissed or, alternatively, that the judgment be in all matters affirmed.

2. That Appellees be awarded just damages for Appellants' frivolous appeal.

3. That Appellees recover their costs.

4. That Appellees have such other relief as to which they have shown themselves entitled.

Respectfully submitted,

*James D. Walker*

JAMES DAVID WALKER
P. O. Box 41
Milano, Texas 76556
SBOT 20706000
Phone: (512) 636-9520
Email: walker@2appeal.com
COUNSEL FOR
APPELLEES,
CHERYL LYNN DIERSCHKE,
DANA JOY DIERSCHKE NEZWEK,
AND
GRANT STEVEN DIERSCHKE

35

## CERTIFICATE OF WORD COUNT

I certify that this document contains 5,084 words (per WordPerfect X6).

*James D. Walker*

## CERTIFICATE OF SERVICE

I certify that on November 30, 2015, this document was forwarded to the

following via mail:

Appellant Brian W. Dierschke (appearing pro se)
8494 Hawk Ave
San Angelo, TX 76904


Appellant Marvin Dierschke (appearing pro se)
8494 Hawk Ave
San Angelo, TX 76904

*James D. Walker*

# APPENDIX

Exhibit A. Affidavit in Support of TRAP 45 Damages for Frivolous Appeal

**EXHIBIT A**

**Affidavit in Support of TRAP 45 Damages for Frivolous Appeal**

03-15-00399-CV
&
03-15-00400-CV

*IN THE*
*THIRD COURT OF APPEALS*
*AT AUSTIN, TEXAS*

**Brian Dierschke and Marvin Dierschke**
**v.**
**Cheryl Lynn Dierschke, Dana Joy Dierschke Nezwek,**
**and Grant Steven Dierschke**

## *AFFIDAVIT IN SUPPORT OF*
## *TRAP 45 DAMAGES*
## *FOR FRIVOLOUS APPEAL*

STATE OF TEXAS
COUNTY OF ROBERTSON

BEFORE ME the undersigned Notary Public, on this day personally appeared

James David Walker, who being by me duly sworn on his oath deposed and said:

My name is James David Walker. I am of sound mind and

capable of making this affidavit, and I am personally acquainted with

the facts stated in this affidavit.

I am an attorney licensed to practice law in the State of Texas. I

am a sole practitioner.

I am lead attorney for Appellees Cheryl Lynn Dierschke, Dana

Joy Dierschke Nezwek, and Grant Steven Dierschke in the above-referenced case (herein "this case").

I have been licensed to practice law in the State of Texas since 1983. I have been certified in Civil Appellate Law by the Texas Board of Legal Specialization since 1992.

I am familiar with the standards for appellate practice in the Third Court of Appeals at Austin, Texas and with the usual, customary and reasonable attorney's fees charged for legal representation in cases filed in such Court. The usual, customary and reasonable hourly rate for attorney's services rendered in the Third Court of Appeals in appeals similar to that involved in this case is $180 per hour.

Appellees agreed to pay me, and I agreed to charge, an hourly rate of $180. In this case I performed 33.4 hours of necessary work in responding to the appeal filed in this case by Appellants Marvin Dierschke and Brian Dierschke, as follows:

-preparing a notice of appearance (0.5 hr);

-preparing a response to Appellants' motion to extend time to file an appellants' brief (1.0 hr); and,

-preparing an appellees' brief (31.9 hr).

Consequently, Appellees have incurred attorney's fees in the amount of $6,012. I will bill Appellees $6,012 for the above-referenced necessary legal services. This is a reasonable fee for services necessarily rendered.

Further, affiant sayeth not.

_James D. Walker_
James David Walker
SBOT 20706000

SUBSCRIBED AND SWORN TO BEFORE ME by the said James David Walker this 27 day of November, 2015, to certify which witness my hand and seal of office.

(SEAL)

SHARON W. ZEIG
Notary Public, State of Texas
My Commission Expires
APRIL 25, 2017

_Sharon W. Zeig_
Notary Public in and for
The State of Texas

_Sharon W. Zeig_
Printed Name of Notary
My Commission Expires: April 20, 17